ALEX. E. CASE AND MARIA H. CASE v. A. JACOBITZ.

No. 337.   ( 62 Pac. 115.)

FRAUDULENT CONVEYANCE—*Pleading — Finding of Court—Judgment.* When the petition alleges fraud in the execution of a note and mortgage, and asks to have them set aside and the real estate so mortgaged subjected to the judgment of the plaintiff, and the answer is a general denial and an avoidance, to which the reply is a general denial, a finding by the court that the note and mortgage were given for a *bona fide* debt due from the mortgagor to the mortgagee entitles the defendant to a judgment for costs.

Error from Marion district court; O. L. MOORE, judge.   Opinion filed September 12, 1900.   Reversed.

*Keller & Dean,* for plaintiffs in error.

*King & Kelley,* for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J. : The defendant in error filed his petition in the district court of Marion county against Alex. E. Case, Maria H. Case, and others, in which he alleges, among other things :

"The plaintiff for cause of action against the defendants says : That on the 7th day of June, 1888, the defendant Alex. E. Case and others made, executed and delivered to one S. H. Grimes their certain promissory note by which they promised to pay to his order the sum of $800 with interest thereon, and that afterwards one Morrison Morehead became the owner and holder of said note, and that afterwards the said Morehead commenced an action in the district court of Marion county, Kansas, on said note against the said Alex. E. Case *et al.*, and afterwards and on the 26th day of January, 1892, the said Morehead, in said action and in said court, obtained a personal judgment on said note against the defendants Alex. E. Case and Maria H. Case for the sum of $980, with interest thereon at the

Case v. Jacobitz.

rate of twelve per cent. per annum from said date, and
for costs therein, taxed at the sum of $—, and that at
the same time a judgment was rendered in said action
foreclosing a mortgage given to secure the payment of
said note on the west half of northwest quarter section
6, township 19 south, of range 2 east of the sixth P. M.
in Marion county, Kansas.

"That afterwards the clerk of said district court is-
sued an order of sale upon said judgment and directed
and delivered the same to the sheriff of said Marion
county, and that afterwards the said sheriff duly sold
all the above-described real estate under and by virtue
of said order of sale at and for the sum of $400, which
said sum has been duly credited on said judgment,
and that a balance of said judgments amounting to
something over $900, and the costs of said action, is
still due and wholly unpaid ; that said judgment has
been duly assigned by said Morehead to the plaintiff
and the plaintiff is the legal owner and holder of said
judgment.

"That the defendant Alex. E. Case, while being
largely indebted to divers persons and creditors, and
while the above indebtedness existed, and with the
design and intention of cheating, defrauding, hinder-
ing and delaying his creditors in the collection of their
just dues and claims and with the design and for the
purpose of cheating and defrauding this plaintiff and
hindering, delaying and defeating him in the collec-
tion of the above-named judgment, made to several of
his relatives divers and sundry fraudulent deeds and
mortgages upon all his property, all for the purpose
of covering up his property and placing it beyond the
reach of his creditors, and caused the same to be re-
corded in the office of the register of deeds of Marion
county, Kansas, which deeds and mortgages are to
the following persons and upon the following-described
property, to wit : "

"Also to the defendant Maria H. Case, a mortgage
for $1050, on lot 14 and five feet off the west side of
lot 16 on Main street in the city of Marion, Kan.   No
consideration was ever paid by said defendant Maria
H. Case for said mortgage and the same was never

delivered to her, and the same was never intended to be paid, although the same is long past due, and if anything is due on said mortgage, the same has been paid, and if she ever took and received the same she did so for the purpose of assisting the said defendant Alex. E. Case to cover up his property and to assist him in defrauding his creditors and placing said property beyond the reach thereof, the said Maria H. Case then and there well knowing that the said Alex. E. Case was in failing circumstances and that he was making said mortgage for the purpose of covering up his property and placing the same beyond the reach of his creditors, said mortgage being recorded in book 64, at page 61, in the said office of the register of deeds aforesaid, and thereby casts an apparent lien of record upon said property and a cloud upon the title thereof, and prevents the plaintiff from enforcing the execution issued on his said judgment aforesaid and duly levied upon said property, and prevents and hinders the plaintiff in causing the property from being sold under such execution, for the reason that no one will bid for or purchase said property at such sale while the cloud of such pretended, apparent and fraudulent mortgage lien rests thereon. . . ."

"The plaintiff further says, that on the —— day of May, 1895, he caused and had the clerk of the district court of Marion county, Kansas, to issue an execution on said judgment aforesaid, and the same was directed and delivered to the sheriff of Marion county, Kansas, to be served and executed, and the same was delivered for such service to John Smith, the duly elected, qualified and acting sheriff of said county aforesaid, and afterward and on the —— day of May, 1895, said sheriff duly levied said execution upon all of the real estate herein described, all of which is described as follows, to wit: The E. ½ of lot 12, and lot 14, and 5 feet off the W. side of lot 16, and 23 feet off of the W. side of lot 23, and lot 21, all on Main street in the town of Marion Center (now city of Marion, Kansas), also lots 1, 2, 3, 4; 5, 6 in block 1, and lot 14 in block 6, all in Beebe's addition to said city aforesaid, also

lots 125 and 127 in block 8, in Billings and Bowers' addition to said city aforesaid, also lots 15 and 16 in block 22, in the southern addition in the said city aforesaid, and also lots 1 and 2 in block 4 and lot 6 in block 9, in the town of Lehigh, in Marion county, Kansas.   The said defendants Alex. E. Case and Maria H. Case are wholly insolvent and have no other property out of which the plaintiff's judgment aforesaid can be made, and the plaintiff has no adequate remedy at law for the purpose of enforcing the collection of said judgment and cannot make a sale of the described property avail anything until the aforementioned deeds and mortgages be set aside and said property be subjected to the payment of his judgment.

"Wherefore, the plaintiff prays that all of the aforementioned deeds and mortgages be set aside and held for naught and that all of the aforementioned mortgagees be excluded from claiming any lien or interest in or to the above-described property prior to the lien of the plaintiff's judgment, and that said property, or so much thereof as may be necessary, be subjected to the payment of the plaintiff's judgment and that the same be ordered sold for that purpose, and that the plaintiff have any other relief that he may be equitably entitled to in the premises, and for his costs herein."

Demurrers were filed to the evidence introduced to sustain the allegations of the petition, and were sustained as to all of the defendants except Alex. E. and Maria H. Case.   As to them the following order was made and judgment rendered :

"Thereupon the defendant Maria H. Case filed her demurrer to the evidence of the plaintiff, and said demurrer by said Alex. E. Case and Maria H. Case were considered together, and the same, and each of them, was by the court overruled, to which ruling and decision of the court said defendants Alex. E. Case and Maria H. Case each at the time duly excepted.   The defendants Alex. E. Case and Maria H. Case offered no evidence, and the court being fully advised in the

premises, as between plaintiff and defendants Alex. E. Case and Maria H. Case, finds the issues generally for the plaintiff and against said defendants. The court further specially finds that the plaintiff's judgment, mentioned in his petition, is a valid and subsisting judgment against the defendants Alex. E. Case and Maria H. Case for the amount due thereon as appears from the record of said judgment, which up to this date amounts to the sum of $949.47, which includes costs and interest; that said judgment is a valid and subsisting lien upon the interest of the defendants Alex. E. Case and Maria H. Case in real estate mentioned in plaintiff's petition, described as follows : Lot 14 and five feet off the west side of lot 16 on Main street in the city of Marion, Marion county, Kansas ; that on the 8th day of November, 1889, said Alex. E. Case was the owner of said real estate, subject to a mortgage of about $2500 made by said Alex. E. Case and his wife to Frank and Rosse Case, and the mortgage to S. S. Surdam to the amount of $875 ; that on said day said Alex. E. Case made, executed and delivered to Maria H. Case, both defendants herein, his promissory note, of which the following is a substantial copy :

" '$1050.00.               MARION, KAN., November 8, 1889.

" 'Five years after date, I promise to pay to the order of Maria H. Case at the Cottonwood Valley National Bank, Marion, Kan., ten hundred fifty dollars, with interest at seven per cent. per annum after date until paid. Value received.        ALEX. E. CASE.'

"That at the time of the execution of said note, and for the purpose of securing the payment thereof, the defendant Alex. E. Case made, executed, acknowledged and delivered to the defendant Maria H. Case his mortgage on aforesaid real estate, which mortgage was on the same day filed for record in the office of the register of deeds of Marion county, Kansas, and is recorded in book 64, at page 61. The said note and mortgage are now the property of the defendant Maria H. Case, and no part of the principal or interest thereon has been paid ; that same is a *bona fide* debt from said Alex. E. Case to said Maria H. Case and same is under the law subject to be applied to the payment of the plaintiff's judgment. Wherefore it is considered,

Case v. Jacobitz.

ordered and adjudged by the court that the defendant Alex. E. Case is hereby enjoined from paying said note or any part thereof to the defendant Maria H. Case or any one to whom she may transfer said note. It is further adjudged by the court that the defendant Maria H. Case be, and she is hereby, enjoined and restrained from selling, disposing or transferring said note and mortgage and from collecting the same or any part thereof, and from asserting or claiming any rights to said note and mortgage or either of them as against plaintiff's said judgment.

"It is further ordered and adjudged by the court that said defendant Maria H. Case turn said note and mortgage into the hands of the clerk of this court within thirty days from this date, and that said clerk hold said note for ten days, and that unless plaintiff's judgment, together with the costs thereon, together with the costs of this case so far as the same are taxed herein to said defendants, be not paid within said time, then that an order of sale issue herein directed to the sheriff of Marion county, Kansas, commanding him to advertise for the time and sell in the manner provided by law for selling personal property said note and mortgage, and from the proceeds arising from said sale that he pay, first, the costs of sale and costs herein taxed against said defendants, and then pay the plaintiff therein the full amount that is due, to wit, $949.47, with twelve per cent. interest from this date, and the residue pay to the defendant Maria H. Case. To each of the foregoing order and decisions of the court the defendant Maria H. Case duly excepted. It is further adjudged by the court that the garnishees who have answered herein be, and they and each of them are hereby, discharged and may go hence without day. It is further adjudged by the court that the plaintiff recover from the defendants Alex. E. Case and Maria H. Case one-half of the costs in this case, which half of the costs is, to wit, $——, and hereof let execution issue. It is further ordered and adjudged by the court herein that the defendants do have and recover from the plaintiff one-half of the costs herein, which half of the costs is taxed at $——, and hereof let execution issue."

The plaintiffs in error make but two assignments of error, as follows:

"1. The court erred in overruling the demurrers of plaintiffs in error to the plaintiff's evidence.

"2. The court erred in enjoining plaintiff in error Alex. E. Case from paying the note and mortgage of $1050 to Maria H. Case, and in enjoining Maria H. Case from collecting said note, or selling or disposing of the same, and in ordering said note and mortgage turned into court to be applied on plaintiff's judgment, and directing said note and mortgage to be sold."

We cannot pass upon the first assignment of error for the reason that the overruling of the motion for a new trial is not assigned as error, and is therefore waived.

Upon the second assignment of error, we think the plaintiffs in error are entitled to a review. The question to be decided is whether the judgment rendered conforms to the pleadings filed. We have carefully considered the matter and have concluded that the judgment rendered does not conform to the pleadings, nor is the defendant in error entitled to have the pleadings considered amended so as to conform to the judgment. The petition charges that the note and mortgage were fraudulently issued for the purpose of hindering, delaying and defrauding the creditors of said Alex. E. Case, and asks leave to have it set aside and the real estate so mortgaged to be subject to the payment of the judgment of said Jacobitz.

These plaintiffs in error answered by a general denial and an avoidance. The reply denied generally the allegations of the answer. Upon these issues the trial was had. The plaintiffs in error maintained the allegations of their general denial. The court found that the note and mortgage given by Alex. E. Case to Maria H. Case were given for a *bona fide* debt due from Alex. E. Case to Maria H.

Case, and that the judgment of Jacobitz was a valid and subsisting judgment against Alex. E. Case and Maria H. Case, and a valid and subsisting lien upon the interest of said Alex. E. Case and Maria H. Case in the real estate described as lot 14 and five feet off the west side of lot 16 on Main street in the city of Marion, Marion county, Kansas.

Upon the issues joined, the Cases were interested only in establishing the fact that the note and mortgage were not fraudulently issued. The court found specially that the note and mortgage were given in good faith, for a *bona fide* debt due from the mortgagor to the mortgagee. Having maintained the issues and secured the findings in their favor, they were certainly entitled to judgment in their favor for costs. Instead of obtaining such a judgment, the court rendered judgment against them for one-half the costs, restraining the payment or collection of the note and mortgage and ordering them sold to pay the judgment of Jacobitz.

Several questions are raised relative to the condition of the record, but none of them appears to have any merit.

The judgment of the district court is reversed and the case remanded for a new trial.